PHŒNIX INSURANCE COMPANY OF HARTFORD V. CLINTON
A. HALE ET AL.

FILED APRIL 21, 1897.   No. 7217.

Mortgages: AUTHORITY OF AGENT TO WHOM PAYMENT WAS MADE:
FINDING FOR MORTGAGOR SUSTAINED. (See *Phœnix Ins. Co. v.
Walter*, 51 Neb., 182.)

ERROR from the district court of Webster county.
Tried below before BEALL, J.   *Affirmed.*

*Wright & Stout,* for plaintiff in error.

*J. S. Gilham* and *R. McNitt, contra.*

HARRISON, J.

December 29, 1892, the plaintiff instituted this action in
the district court of Webster county to foreclose a real
estate mortgage executed and delivered by Clinton A.
Hale and wife to one James H. Tallman, of Hartford, Con-
necticut, to secure the payment of a coupon note or bond
in the principal sum of $1,500 and its accompanying in-
terest coupons.   The mortgage and note were of date
August 1, 1885, and were payable August 1, 1890.   The
papers evidenced one of a number of farm loans effected
by the Nebraska & Kansas Farm Loan Company, of Red
Cloud, Nebraska, and forwarded to George W. Moore &
Co., a firm of brokers having its business office in Hart-
ford, Connecticut, of which firm the payee of the note and
mortgage, James H. Tallman, was a member and the at-
torney.   The instruments in suit had been assigned to the
plaintiff, but the assignment had not been recorded in the
proper office in Webster county, where the mortgaged
property was situate.   In the answer filed for defendants
there were alleged four defenses, which, stated in short,
are: First, material alteration of the note; second, estop-
pel; third, payment; fourth, matters entering into the

execution of the mortgage which rendered it invalid. As a result of a trial of the issues joined the defendants were awarded a favorable decree. Plaintiff filed a motion for a new trial, which was overruled, and the case has been removed to this court by error proceedings.

One of the assignments of error is that the evidence is insufficient to sustain the judgment of the trial court. There was a general finding in favor of defendants, and it is further stated in the decree "that the bond and mortgage have been fully paid," from which we conclude that the trial court based its decree mainly on a finding that payment had been made; and for this and other sufficient reasons we shall base our decision here on an examination of the same subject.

This is one of three cases of a like character in which decisions are filed at this time, in all of which there is the same party plaintiff; the principal defendant in one of the other cases being William H. Walter, and in a second, Charles F. Robinson. The facts as disclosed in the evidence adduced in the present case bring it within the rules announced in the case of *Phœnix Ins. Co. v. Walter*, to which we have just referred, and in which the facts were stated somewhat *in extenso;* hence the decision herein will be governed by the doctrines and conclusions therein stated. There were some circumstances developed in this case differing from those shown in that, and some additional ones, but none of them such as to materially affect the conclusions or call for or warrant contrary ones. It follows that the judgment of the district court must be

AFFIRMED.